Fred L. Turner, Defendant in Error, v. William B. Keel et al., Plaintiffs in Error.

Gen. No. 15,827.

FRAUD—*when representation material.* To represent that stock being sold is from the treasury of a corporation and that the proceeds thereof will pass to the corporation is a false representation of a material fact, if, in fact, such stock is the individual property of the party selling the same and the proceeds thereof are to be, and are, in fact, retained by such party.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 2, 1911.

CHARLES H. WELLS, for plaintiffs in error.

G. W. SPUNNER and H. N. BELL, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought an action of the fourth class in the Municipal Court of Chicago, charging the defendants, here the plaintiffs in error, with fraud and deceit in selling him certain shares of mining stock. The cause was submitted to the court, and on a hearing the issues were found in favor of the plaintiff and judgment entered against the defendants for $500.

The plaintiff claimed that the defendants represented, among other things, that the stock they were offering, and which plaintiff purchased, was treasury stock and sold for the benefit of the company, the proceeds to be used to build a mill, develop the property, etc., when in truth and in fact the said stock was the personal property of the defendants, who received and retained the money paid therefor by the plaintiff. The defendants admitted it was their stock and they received the money therefor, but emphatically

denied making representations that it was treasury stock, the proceeds from its sale to be used to develop the company. That it was treasury stock was the only representation in dispute that we deem a material fact. If treasury stock, it necessarily followed the proceeds belonged to the company. The evidence pertaining to the same was sharply conflicting and many arguments of force are presented in corroboration of the respective statements of the contending parties. We have concluded, after a careful consideration of all the evidence, that we cannot say that the finding of the court was clearly and manifestly against the weight of the evidence.

The plaintiff, it is claimed, did not rely upon this representation. He testified that he did, and the trial court necessarily so found, and we are not inclined to hold to the contrary.

It is next insisted that even if such representation were made, it was not of a material fact. In the ordinary stock transaction it would perhaps be immaterial whose stock was being sold, but there are circumstances where, it seems to us, the ownership of the stock offered is very material, as is well illustrated in this case. The purchaser in buying treasury stock does so with the belief that the purchase price, less perhaps a commission for its sale, necessarily goes into the treasury of the company, and thereby of itself enhances the value of his purchase and perhaps gives promise of large gains in consequence of the use of the very money paid by him to the company for the stock. A situation entirely different from the purchase of individual stock. We think the court properly held the representation a material one. Cook on Corporations, Vol. 1, sec. 350.

Without reciting the evidence on the value of the stock, we think that it fairly tended to show that the stock had no value and therefore there was no error in the assessment of damages.

The judgment is affirmed.

*Affirmed.*